Welch, Richard E., J.
Although they believed in hard work, this case would have shocked the Puritan founders of the Massachusetts Bay Colony. Then again, John Winthrop would have been equally shocked to travel from Boston, over the Tobin Bridge, up Route 1 in an automobile while gazing at the industrial and commercial development of the land. This drive now would take Mr. Winthrop past the defendant’s business establishment, named The Golden Banana, which promises on its website “gorgeous, totally nude dancers.” Once Winthrop and his fellow Puritans got over their culture shock, the issue in this case would strike them as rather obvious: strippers dancing at a strip club-are performing within the usual course of business of the club. Indeed, customers entering such an establishment would be sorely disappointed if such promised entertainment was not provided. As such, under Massachusetts law, the strippers—aka exotic dancers—are employees.
The plaintiffs, Kayla Jenks (“Jenks”) and Nayelis Calaña (“Calaña”) filed this lawsuit against their former employer, D.&B. Corp., d/b/a The Golden Banana (“Golden Banana”) and its sole owner, Mark Filtranti (“Filtranti”) alleging that the defendants misclassified them as independent contractors rather than as employees in violation of G.L.c. 149, §148B. The Plaintiffs’ second amended complaint alleges violations of the Independent Contractor statute, G.L.c. 149, §148B (Count I): the Minimum Fair Wage statute, G.L.c. 151, §§1, 7 (Count II); the Overtime Pay statute, G.L.c. 151, §§1A, IB (Count III); G.L.c. 149, §152A (Count IV); the Payment ofWages statute, G.L.c. 149, §148 (Count V). The second amended complaint also includes counts for quantum merit (Count VI) and unjust enrichment (Count VII). Before this Court is the Plaintiffs’ Motion for Partial Summary with respect to their classification as independent contractors of Golden Banana, i.e., Count I of the second amended complaint. After reviewing the parties’ submissions and the relevant law, Kayla Jenks and Nayelis Calana’s Motion for Partial Summary Judgment is ALLOWED.
BACKGROUND
Jenks and Calaña were employed as exotic dancers by the Golden Banana, which is a bar and lounge in Peabody, Massachusetts. Jenks worked at the Golden Banana from January or February 2008 until August 2008, and again from October 2008 until October 2009. Joint Appendix to Consolidated Statements of Material Facts (“Joint Appendix”), Ex. 7 at 18-20. Calaña worked at the Golden Banana from January 2007 until late 2009. Joint Appendix, Ex. 8 at 16, 31-32. Filtranti, the sole president and owner of the Golden Banana, described it as an “alcohol establishment entertainment facility,” where the dancers are the entertainment. Joint Appendix, Ex. 9 at 22. The Golden Banana does not sell food; it only sells alcoholic beverages, which constitutes its “main source of income.” Joint Appendix, Ex. 11 at 9-10, 33. Gena Koulouras (“Koulouras”), the entertainment coordinator for the Golden Banana, testified that the “customer comes in for interaction!,] to spend time with beautiful girls . . .” Joint Appendix, Ex. D at 11.
The Golden Banana classifies all exotic dancers who perform at the lounge as independent contractors rather than as employees. As a result, the Golden Banana does not pay exotic dancers an hourly wage or any other form of compensation. Furthermore, the Golden Banana requires each exotic dancer to pay a “tip-out” in order to work her shift. Consolidated Statement of Material Facts (“SOF”) par. 19. The manager on duty collects the “tip-out,” which is used to pay the disc jockey and security personnel. SOF par. 21. The Golden Banana determines the amount of the “tip-out,” which varies from $50.00 per shift during the week to $150.00 for a double shift on Friday or Saturday. SOF par. 20.
Koulouras is responsible for determining each dancer’s monthly work schedule. The Golden Banana’s hours of operation are Sunday through Thursday 4:00 P.M. to 1:00 A.M., and Friday through Saturday 12:00 P.M. to 1:00 A.M. SOF par. 17. Dancers are required to report to the Golden Banana one-half hour before their shift begins, so that girls are on stage dancing and working the floor when the doors open. Joint Appendix, Ex. 7 at 64-65. Dancers actively perform whenever the Golden Banana is open. Joint Appendix, Ex. 11 at 31.
DISCUSSION I. Standard of Review
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden *580 either by submitting affirmative evidence negating an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond with evidence of specific facts establishing the existence of a genuine dispute. Pederson, 404 Mass. at 17. When deciding a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
II. Analysis
Employee/Independent Contractor Classification Standard
Plaintiffs’ claims turn on whether they were improperly classified as independent contractors while they worked at the Golden Banana. If plaintiffs were correctly classified as independent contractors they cannot recover on their other claims.
General Laws c. 149, §148B(a) provides that an individual will be considered an employee unless the employer establishes that “(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and (2) the service is performed outside the usual course of the business of the employer; and (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.” As the employer, the Golden Banana “bears the burden of proof and, because the conditions are conjunctive, its failure to demonstrate any one of the criteria set forth in [G.L.c. 149, §148B(a)J subsections (1), (2), or (3), suffices to establish that the services in question constitute ‘employment’ within the meaning of the statute.” Rainbow Dev., LLC v. Commonwealth of Mass. Dept. of Indus. Accidents, 2005 WL 3543770 at *2 [20 Mass. L. Rptr. 377] (Mass.Super., Cratsley, J.) (further citation omitted). See also Somers v. Converged Access, Inc., 454 Mass. 582, 590-91 (2009) (as á matter of law an individual is an employee unless the employer satisfies the requirements of G.L.c. 149, §148B(a)(l)-(3)).
Plaintiffs’ Status as Employees
The first prong of the independent contractor test requires the Golden Banana to show that the plaintiffs were free from the Golden Banana’s control and direction in connection with the performance of their services. A factual dispute exists concerning the amount of control the Golden Banana exercised over the exotic dancers who performed at the club. This does not, however, end the Court’s inquiry because the defendants must satisfy each prong included in G.L.c. 149, §148B(a).
Under the second prong of the test, the Golden Banana must prove that the services performed by exotic dancers are outside its—the Golden Banana’s—usual course of business. The defendants are unable to establish that the services performed by exotic dancers are outside the Golden Banana’s usual course of business.
The Golden Banana is in the business of providing adult entertainment—nude dancing—and serving alcoholic beverages. Filtranti conceded as much when he described the Golden Banana as an “alcohol establishment entertainment facility” in which the exotic dancers provide the entertainment. Joint Appendix, Ex. 9 at 22. Furthermore, Koulouras testified that customers go to the Golden Banana to interact with “beautiful girls.” Joint Appendix, Ex. D at 11. Although the Golden Banana derives most of its revenue from the sale of alcoholic beverages, the dancers perform and interact with the bar’s patrons in an effort to further the sale of alcoholic beverages. See Chaves v. King Arthur’s Lounge, Inc., 2009 Mass.Super. LEXIS 298 at *9-*13 (Mass.Super., McIntyre, J.) (exotic dancers incorrectly classified as independent contractors because the dancers’ performance was not outside the “strip club’s” usual course of business). As in Chaves, the “sale of alcohol and the exotic dancing, together and intertwined, both clearly comprise the adult entertainment portfolio of [the Golden Banana].” Id. at *12. It is incredulous to conceive that the Plaintiffs perform their services—nude dancing—outside the Golden Banana’s usual course of business, when the club’s website advertises “[g]orgeous, totally nude dancers.” Joint Appendix, Ex. 1. The defendants, therefore, are unable to satisfy the second prong of the independent contractor test articulated in G.L.c. 149, §148B(a)(2).
The defendants’ failure to establish that the Plaintiffs’ dancing was outside the Golden Banana’s usual course of business alone is sufficient to find that the Plaintiffs were employees pursuant to G.L.c. 149, §148B; however, this Court notes that the defendants also failed to establish the third prong, which requires that the individual is “customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.” G.L.c. 149, §148B(a)(3). The defendants have failed to submit verified evidence that either Jenks or Calaña performed at similar clubs while employed at the Golden Banana. Chaves, 2009 Mass.Super. LEXIS 298 at *14-* 15 (exotic dancer was not engaged in an independently established trade because she did not perform at other clubs and she danced privately on only three occasions).
ORDER
For the reasons stated above, Kayla Jenks and Nayelis Calana’s Motion for Partial Summary Judgment is ALLOWED. Defendants violated G.L.c. 149, §148B by mis-classifying Jenks and Calaña as independent contractors rather than as employees. Plaintiffs are entitled to judgment on Count I of their second amended complaint.