Tucker, Richard T., J.
The plaintiff, Nelita Monteiro (“Monteiro”), alleges that her former employer, defendant PJD Entertainment of Worcester, Inc., d/b/a Centerfolds (“Centerfolds”), misclassified her as an independent contractor rather than an employee in violation of G.L.c. 149, §148B. As a result, Monteiro alleges that PJD Entertainment has violated the wage law, G.L.c. 149, §148, minimum wage requirements, G.L.c. 151, §§1 and 7, and overtime requirements, G.L.c. 151, §1A. Monteiro further alleges that PJD Entertainment unlawfully required her to relinquish a percentage of her tips to non-service employees in violation of G.L.c. 149, §152A. This matter is before the court on Monteiro’s Motion for Summary Judgment. For the reasons set forth below, Moteiro’s motion is ALLOWED in part and DENIED in part.
BACKGROUND
The facts and reasonable inferences therefrom, viewed in the light most favorable to the defendant, are as follows. Bank of N.Y. v. Bailey, 460 Mass. 327, 331 (2011).
PJD Entertainment of Worcester, Inc. owns and operates the club Centerfolds in Worcester, MA, which serves food and alcohol, and televises sporting events. Centerfolds also provides a venue that features exotic dancers who perform in the nude or semi-nude. Monteiro performed at Centerfolds as an exotic dancer for a period of time from the end of 2009 to the beginning of 2010. Because Centerfolds classifies its exotic dancers as independent contractors, Monteiro was never paid a base hourly wage for her performances at the club. Instead, she worked solely for tips.
Monteiro argues that because Centerfolds is in the business of providing nude adult entertainment to patrons, its classification of exotic dancers who perform at the club as independent contractors as opposed to employees violates the Massachusetts independent contractor law, embodied in G.L.c. 149, §148B. Centerfolds argues that it is a food and drink establishment that happens to provide an outlet for independent exotic dancers to perform their craft.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and the moving pariy is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party bears the burden of affirmatively showing that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). If the nonmoving party bears the burden of proof at trial, the moving party may satisfy the Rule 56 burden by submitting evidence negating an essential element of the nonmoving party’s claim or by demonstrating that the nonmoving party lacks sufficient evidence to establish an essential element of its claim. Kourouvacilis, 410 Mass. at 715. The court reviews the evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. Att’y Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
1. Misclassification
G.L.c. 149, §148B provides a standard for determining whether an individual performing services for another is an employee or independent contractor for purposes of the Massachusetts wage statutes. Somers v. Converged Access, Inc., 454 Mass. 582, 589 (2009). Pursuant to §148B, an individual performing a service is considered an employee unless the employer can prove that “(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of the service and in fact; and (2) the service is performed outside the usual course of business of the employer; and (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.” G.L.c. 149, §148B(a)(l)-(3) (emphasis added). An employer’s failure to prove any one of the three criteria “suffices to establish that the individual in question is an employee.” Somers, 454 Mass. at 589.
The sparse summary judgment record prevents this court from ruling on whether Monteiro was within the direction or control of Centerfolds, or whether Monteiro was engaged in an independently established enterprise. See G.L.c. 149, §148B(a)(l) and (a)(3). Nonetheless, because of §148B’s conjunctive criteria, Centerfolds’ inability to prove that Monteiro worked outside of the club’s usual course of business warrants a finding of misclassification. See G.L.c. 149, §148B(a)(2); see also Athol Daily News v. Board of Review of the Div. of Unemployment and Training, 439 Mass. 171, 175 (2003) (construing G.L.c. 151A, §2, which is largely identical .to G.L.c. 149, §148B). Though “usual course of business” is not defined, “a *204 worker whose services form a regular and continuing part of the employer’s business . . . should be found to be an employee and not an independent contractor.” Sandoval v. MJF Bowery Corporation d/b/a Ten’s Show Club, ECV2009-01835, slip op. at 8 (Mass.Super. July 22, 2011) (Kirpalani, J.) [29 Mass. L. Rptr. 11], citing American Zurich Ins. Co. v. Dep’t of Indus. Accidents, 2006 WL 2205085 at *3 (Mass.Super. 2006) (Troy, J.) [21 Mass. L. Rptr. 224]. It is of no consequence that the employee’s services do not produce substantial revenues. See Jenks v. D&B Corp., d/b/a The Golden Banana, ECV2009-01978, slip op. at 6 (Mass.Super. August 24, 2011) (Welch, J.) [28 Mass. L. Rptr. 579].
Centerfolds concedes that it is a “nightclub with a liquor license . . . that sells alcohol, serves food, [televises] sporting events, and . . . provides a venue at which . . . entertainers . . . perform [in the nude].” Centerfolds also concedes that it does not pay the exotic dancers a base wage. Instead, the dancers are remunerated for their services via customer gratuities. Centerfolds portrays itself as a restaurant and bar that passively allows exotic dancers to entertain patrons. This court cannot accord the club such indifference. An establishment that serves alcohol and provides a venue for exotic dancers is in the business of providing adult entertainment. The exotic dancers perform their services, therefore, in the usual course of that business. This is true even if food and alcohol are served, and even if the majority of revenue is derived therefrom. Therefore, Centerfolds has misclassified its exotic dancers as independent contractors in violation of §148B. Monteiro is properly classified as an employee as a matter of law.
As an employee, Monteiro is entitled to the appropriate minimum wage for each hour of services she can prove she performed at Centerfolds.[1]
2. Tips Law
Monteiro further argues that Centerfolds required her, as a service employee, to remit a percentage of her tips to the club and to various other employees of the club. An employer is prohibited from deducting or retaining any percentage or amount from the tips that a service employee earns. G.L.c. 149, §152A(b). An employer is further prohibited from requiring a service employee to pool tips with other, non-service employees. G.L.c. 149, §152A(c).
Monteiro alleges in her affidavit that Centerfolds required her to pay the club a $40 “tip out” fee at the end of each shift, and that she had to pay the club between $35 and $50 for use of the VIP room and $5 for each “lap dance” she gave to a customer. Monteiro further alleges that she had to give a $15 dollar “tip out” to the DJ who worked during her shifts, and a $10 to $15 tip to a “house mom.” Finally, Monteiro alleges that she had to pay the club’s bouncers a $15 release fee at the end of her shifts. If true, these payments and “tip outs” would violate G.L.c. 149, §152A(b) and (c). The allegations are contained in Monteiro’s affidavit and are not supported by any other evidence. Centerfolds denies that it requires such payments. Whether Centerfolds requires certain payments or “tip outs” remains a question of fact.
ORDER
For the foregoing reasons, it is hereby ORDERED that Monteiro’s motion for summaiy judgment is ALLOWED as to liability only in Counts I, II and IV, and as to Count III insofar as the failure to pay a base hourly wage is involved. It is hereby ORDERED that Monteiro’s motion for summaiy judgment is DENIED as to Count V and as to Count III insofar as the payment of “fees” are involved.

G.L.c. 152, §1 requires that an employer pay an employee a wage of at least $8.00 per hour. For employees who receive tips, the wage an employer must pay is determined pursuant to G.L.c. 152, §7, para. 3.