NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-1177                                           Appeals Court

GOLD STAR HOMES, LLC  vs.  MARCUS DARBOUZE & another.[1]

No. 14-P-1177.

Essex.     March 2, 2016. - May 11, 2016.

Present:  Hanlon, Sullivan, & Massing, JJ.

Summary Process, Appeal.  Housing Court.  Practice, Civil, Summary process, Pendency of prior action.  Mortgage, Foreclosure.  Real Property, Mortgage, Deed.

Summary Process.  Complaint filed in the Northeast Division of the Housing Court Department on September 16, 2013.

The case was heard by Timothy F. Sullivan, J.

John L. McGowan for the defendants.
John P. Miller (Jennifer H. O'Brien with him) for the plaintiff.

MASSING, J.  The defendants, Marcus Darbouze (Marcus) and

Marie R. Darbouze (Marie)[2] (together, the Darbouzes), appeal from

a judgment, after a summary process trial in the Housing Court,

_____

[1] Marie R. Darbouze.

[2] We use first names to avoid confusion.

awarding possession of their residence in Billerica (the property) to the plaintiff, Gold Star Homes, LLC (Gold Star). The Darbouzes assert that the Housing Court judge should not have permitted the trial to go forward during the pendency in the Land Court of a related, prior action in which Marie sought a declaration invalidating the foreclosure sale. On the merits, the Darbouzes contend that the judge erred by rejecting their defenses to summary process: that Mortgage Electronic Registration Systems, Inc. (MERS), the entity that conducted the foreclosure sale, was not the mortgage holder, and that MERS's postforeclosure conveyance of the property to Gold Star by foreclosure deed was ineffective. We affirm.[3]

Background. 1. The mortgage and foreclosure. The evidence presented at the summary process trial established the following facts.[4] On January 20, 2006, Marie purchased the property for $345,000, financed entirely by two loans. She borrowed $276,000 of the purchase price from Fremont Investment

_____

[3] In a separate memorandum and order issued today under our rule 1:28, we affirm the subsequent allowance of summary judgment in favor of Gold Star and its codefendants in the Land Court action. See Darbouze v. Mortgage Electronic Registration Systems, Inc., 89 Mass. App. Ct.     (2016).

[4] We accept the judge's findings of fact unless they are clearly erroneous; to the extent "the judge's findings are based not on an assessment of witness credibility but 'solely on documentary evidence[,] we may draw our own conclusions from the record.'" U.S. Bank Natl. Assn. v. Schumacher, 467 Mass. 421, 427 (2014), quoting from Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616 (1980).

& Loan (Fremont), granting a first mortgage to MERS, "acting solely as a nominee for Lender and Lender's successors and assigns."  (The details of the loan for the remainder of the purchase price, secured by a second mortgage, are immaterial to the subsequent events and proceedings.)  Deutsche Bank National Trust Company (Deutsche Bank), as trustee for Fremont Home Loan Trust 2006-1, purchased the loan later in 2006 as part of a pooling agreement.

On January 7, 2008, Deutsche Bank initiated proceedings under the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501 et seq. (2006) (servicemembers act) in the Land Court prior to commencing foreclosure on Marie's mortgage.[5]  On January 24, 2008, Marie filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.  Deutsche Bank filed a motion for relief from the automatic stay in Marie's bankruptcy case, representing that it was "the holder of a first mortgage on real estate in the original amount of $276,000.00 given by Marie R. Darbouze to [MERS], on or about January 20, 2006."  In its motion, Deutsche Bank represented that "[t]he mortgage was assigned by [MERS] to the movant."  A judge of the Bankruptcy Court granted Deutsche Bank's request for relief from the stay on June 24, 2008.

---

[5] For a discussion of the history, purpose, and statutory framework of the servicemembers act in Massachusetts, see HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 194-197 (2013).

On May 21, 2009, America's Servicing Co., Deutsche Bank's servicer for the loan, sent Marie a notice of default under G. L. c. 244, § 35A.  The notice referred to Deutsche Bank as the mortgagee.  On September 10, 2009, MERS filed a complaint in the Land Court under the servicemembers act.[6]  The Land Court judge entered judgment in favor of MERS on February 2, 2010.  In the interim, MERS's attorneys published notice of the foreclosure sale.[7]  The foreclosure sale was held on February 8, 2010.  Gary Litchfield, Gold Star's manager, purchased the property at auction for $166,000 and paid a deposit of $5,000.

2.  The Superior Court action.  On March 10, 2010, Marie filed a complaint in the Superior Court challenging her underlying Fremont loan as predatory, and seeking to invalidate the foreclosure sale as a violation of a preliminary injunction on Fremont loan foreclosures.  See Commonwealth v. Fremont Inv. & Loan, 452 Mass. 733 (2008).  Marie's complaint named Deutsche Bank and Litchfield, individually and as manager of Gold Star, but not MERS, as defendants.

---

[6] Deutsche Bank abandoned its 2008 proceedings under the servicemembers act.

[7] According to the affidavit of Andrew P. Osofsky, MERS's attorneys also served notice on Marie by certified mail in accordance with G. L. c. 244, § 14.  Marcus testified at trial that the Darbouzes did not receive any foreclosure-related notices or correspondence from MERS.  The Darbouzes do not press any claim regarding notice of the foreclosure sale in this appeal.

A judge of the Superior Court allowed Deutsche Bank's motion for summary judgment on August 8, 2012, and entered a judgment dismissing Marie's complaint on August 9, 2012. Marie filed a timely notice of appeal, but her appeal was dismissed for lack of prosecution on January 8, 2013. A later motion for relief from the judgment was denied on April 23, 2013.

3. Postforeclosure transactions. On February 14, 2011, while Marie's Superior Court action was pending, Litchfield assigned his auction bid to Gold Star. MERS executed a foreclosure deed, conveying the property to Gold Star, on September 19, 2011. MERS then executed a "Corporate Assignment of Mortgage," dated October 28, 2011, assigning to Deutsche Bank any remaining interest or rights it had under the mortgage. That assignment was recorded on November 2, 2011.

Gold Star did not accept delivery of the deed or pay the balance of the purchase price until May 17, 2013, after the Superior Court judgment against Marie became final. On that date, Gold Star paid to MERS's attorneys the $161,000 balance due on its auction bid and accepted delivery of the deed, which was recorded, together with MERS's attorney's affidavit of compliance with G. L. c. 244, § 15, on May 20, 2013.

Discussion. 1. Pendency of prior action. Also on May 17, 2013, prior to Gold Star's initiation of the present summary process action in the Housing Court, Marie filed a complaint in

the Land Court against MERS, Deutsche Bank, and Gold Star, alleging unlawful foreclosure and seeking declaratory relief regarding the validity of MERS's exercise of the power of sale in the mortgage.  The Darbouzes assert that the Housing Court judge erred in denying their motion to dismiss the summary process action under Mass.R.Civ.P. 12(b)(9), as amended, 450 Mass. 1403 (2008), and abused his discretion by proceeding to trial notwithstanding the pendency of the first-filed Land Court action.  We discern no error, abuse of discretion, or prejudice to the Darbouzes.

Rule 12(b)(9) "prohibits the long-barred practice of claim-splitting."  M.J. Flaherty Co. v. United States Fid. & Guar. Co., 61 Mass. App. Ct. 337, 339 (2004).  "Dismissal under this rule is proper when the same parties are involved in two actions, one begun before the other, and '[i]t is apparent from the face of the present complaint . . . that all the operative facts relied on to support the present action had transpired prior to the commencement of the first action.'"  Zora Enterprises, Inc. v. Burnett, 61 Mass. App. Ct. 341, 346 (2004), cert. denied, 543 U.S. 1150 (2005), quoting from Keen v. Western New England College, 23 Mass. App. Ct. 84, 85-87 (1986).

Rule 12(b)(9) does not apply here.  Most significantly, the relief that Gold Star sought by filing the present action in the Housing Court -- summary process and eviction -- was not

available to it as a counterclaim in the prior Land Court action. Compare G. L. c. 185C, § 3 (Housing Court jurisdiction), and G. L. c. 239, § 2 (jurisdiction over summary process actions), with G. L. c. 185, § 1 (Land Court jurisdiction). In addition, Marie alone initiated the Land Court action -- Marcus had no stake in the note or mortgage -- whereas Gold Star was required to name both Marie and Marcus, co-occupants of the property, in the eviction proceedings. Gold Star cannot fairly be accused of splitting its claims to frustrate the purpose of rule 12(b)(9) where Marie brought the first action, to which Marcus was not a proper party. The Housing Court judge did not err in denying the motion to dismiss.

Nor did the Housing Court judge abuse his discretion by placing the summary process action on the trial list notwithstanding the pendency of the first-filed Land Court action. The parties had repeatedly agreed to continue the trial date in the Housing Court, originally scheduled for September 30, 2013. The Housing Court docket indicates at least nine agreed-upon continuances prior to a review date of April 7, 2014. At the review hearing, the Housing Court judge inquired why the trial on the summary process matter could not go forward. On learning that the Land Court had not issued a protective order or enjoined the eviction of the Darbouzes, the

judge denied the Darbouzes' rule 12(b)(9) motion and put the matter on for trial later that day.

The Land Court declaratory relief action had been pending since May, 2013. Gold Star and its codefendants argued their motions to dismiss on January 28, 2014, and no decision had issued. Marie might have asked the Land Court judge to "take the sensible step of staying" her eviction pending the outcome of the declaratory judgment matter, M.J. Flaherty Co. v. United States Fid. & Guar. Co., 61 Mass. App. Ct. at 340, but she did not. The Housing Court judge did not abuse his discretion in electing to hear the case.

In any event, the Darbouzes do not make any claim that the trial in the Housing Court was unfair, and we discern no unfairness. At trial, both parties introduced documentary exhibits, Litchfield testified on Gold Star's behalf, and Marcus testified on behalf of the Darbouzes. The Darbouzes were able to present all the documentary evidence, testimony, argument, and defenses they wished to present. The Housing Court had jurisdiction to decide the validity of the Darbouzes' defenses. See Bank of N.Y. v. Bailey, 460 Mass. 327, 333-334 (2011). They have not demonstrated that the Housing Court judge's decision to proceed to trial was an abuse of discretion, or that they were harmed thereby.

2. _Exercise of power of sale_. "The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld." _Wayne Inv. Corp_. v. _Abbott_, 350 Mass. 775, 775 (1966). "Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge. If there are other grounds to set aside the foreclosure the defendants must seek affirmative relief in equity." _Ibid_. See _Bank of N.Y_. v. _Bailey_, 460 Mass. at 333; _Deutsche Bank Natl. Trust Co_. v. _Gabriel_, 81 Mass. App. Ct. 564, 566 (2012). The Housing Court judge found that Gold Star had established a prima facie case for possession, that the Darbouzes presented "[n]o credible defenses," and that Gold Star was entitled to judgment.

The mortgagee, its successors or assigns, or their authorized representatives must exercise the statutory power of sale. See G. L. c. 183, § 21; G. L. c. 244, § 14. "Any effort to foreclose by a party lacking 'jurisdiction and authority' to carry out a foreclosure under these statutes is void." _U.S. Bank Natl. Assn_. v. _Ibanez_, 458 Mass. 637, 647 (2011). The Darbouzes contend that MERS's foreclosure on Marie's mortgage was invalid because Deutsche Bank, not MERS, was the mortgagee. The record established the opposite.

The weight of the documentary evidence introduced at trial shows that MERS was the mortgagee at all relevant times. MERS is named in the mortgage as "mortgagee," "acting solely as a nominee for Lender and Lender's successors and assigns." MERS obtained judgment under the servicemembers act, authorizing MERS to foreclose. MERS's attorney, Harmon Law Offices, P.C., issued the notice of sale in the name of MERS, "[p]resent holder . . . of said mortgage," in the form prescribed by G. L. c. 244, § 14. The memorandum of terms and conditions of sale for the property executed at the auction called for payment to the Harmon Law Offices, as specified in the notice of sale.[8]

The fact that the notice required by G. L. c. 244, § 35A, recites that Deutsche Bank is the "current mortgagee" does not contradict the evidence of MERS's authority to exercise the power of sale. As an initial matter, a deficiency in the notice required by § 35A "does not furnish a basis to challenge the validity of the foreclosure." Haskins v. Deutsche Bank Natl. Trust Co., 86 Mass. App. Ct. 632, 634 (2014), citing U.S. Bank Natl. Assn. v. Schumacher, 467 Mass. 421, 429-430 (2014).[9]

_____

[8] We reject the Darbouzes' assertion that the absence of any reference to MERS in the memorandum of terms and conditions of sale establishes that its attorneys did not conduct the sale on its behalf.

[9] "Instead, the appropriate avenue for a borrower to raise a challenge to the form of notice given under § 35A is by means of an equitable action, prior to foreclosure, seeking to enjoin the

Moreover, the notice properly and accurately identified the loan servicer as the party to contact to discuss loan repayment and efforts to cure the default. See Haskins, supra at 640-641.

More fundamentally, the term "mortgagee" as used in the statutes relating to mortgage foreclosure was long understood, and was understood at all relevant times in this case, to refer not only to the mortgage holder, but also to "the holder of the mortgage note." Eaton v. Federal Natl. Mort. Assn., 462 Mass. 569, 581-582 (2012). Thus, under common usage at the time, Marie's "mortgagee" was both MERS and Deutsche Bank.[10]

This observation also disposes of the Darbouzes' claim that Deutsche Bank's references to itself as the holder of Marie's mortgage in various forums before and after the foreclosure sale were inconsistent with MERS's status as mortgagee. For example, in its motion for relief from the automatic stay in Marie's bankruptcy case, Deutsche Bank represented that it was "the holder of a first mortgage on real estate in the original amount of $276,000.00 given by Marie R. Darbouze to [MERS] on or about January 20, 2006." Deutsche Bank was in fact the secured

---

foreclosure." Haskins v. Deutsche Bank Natl. Trust Co., supra, citing U.S. Bank Natl. Assn. v. Schumacher, supra at 422 n.4. The Darbouzes' challenge to the § 35A notice came too late.

[10] Indeed, the dictionary definition "suggest[s] that the mortgagee is the note holder." Eaton v. Federal Natl. Mort. Assn., 462 Mass. at 584 n.22, citing Black's Law Dictionary 1104 (9th ed. 2009).

creditor and the appropriate party in interest to seek relief from the stay. Its misstatement in the motion that "[t]he mortgage was assigned by [MERS] to the movant" was superfluous and is not substantiated by any documentary evidence.[11]

Likewise, Deutsche Bank's statements in Marie's Superior Court action do not negate MERS's status as mortgagee at the time it executed the power of sale. For example, in its memorandum in support of its motion to dismiss the Superior Court action dated May 3, 2010, Deutsche Bank stated that it "is an assignee of the loan. As such, Deutsche Bank foreclosed on [Marie's] loan" (emphasis supplied). This statement was accurate so far as it went: Deutsche Bank held the beneficial interest in the loan and, working through MERS (its agent), had caused a foreclosure to occur on the property pledged as security. Similarly, in support of its motion for summary judgment in the Superior Court action in April, 2012, Deutsche Bank stated that it had "held a duly noticed foreclosure auction." To be more exact, Deutsche Bank should have said that "MERS, acting as Deutsche Bank's authorized agent, held a duly

---

[11] Indeed, if Deutsche Bank, as opposed to MERS, had conducted the foreclosure sale, Deutsche Bank could not have relied on such an unsubstantiated statement as proof that MERS had actually conveyed legal title to it. See U.S. Bank Natl. Assn. v. Ibanez, 458 Mass. at 649-651. The Darbouzes' suggestion that the October 28, 2011, assignment of the mortgage from MERS to Deutsche Bank "is a confirmatory assignment of an earlier off-record assignment" is mere speculation.

noticed foreclosure auction on Deutsche Bank's behalf."  See
Eaton v. Federal Natl. Mort. Assn., 462 Mass. at 586.

Nonetheless, imprecision in such descriptions -- offered
before Eaton established a new requirement for unity of interest
between note and mortgage -- were irrelevant to any matter at
issue in the Superior Court action, which concerned the
circumstances in which Marie obtained her loan from Fremont in
2006.  These statements do not operate as binding judicial
admissions of facts contrary to what the record established
concerning MERS's legal title to the property and status as
mortgagee at the time it conducted the foreclosure sale.  We
discern no error in the Housing Court judge's determination that
Deutsche Bank's statements did not provide a credible defense to
the evidence that MERS properly exercised the power of sale.

3.  Validity of Gold Star's deed.  On February 14, 2011,
about a year after the foreclosure sale, Litchfield formally
assigned his winning bid to Gold Star.  MERS conveyed the
property to Gold Star by foreclosure deed dated September 19,
2011.  At the time, Marie's Superior Court action was pending.
Gold Star did not accept delivery of the deed or pay the balance
of the purchase price until May 17, 2013, after the Superior
Court judgment against Marie became final.

During the time between MERS's execution of the deed and
Gold Star's acceptance of delivery, MERS on October 28, 2011,

executed a "Corporate Assignment of Mortgage," assigning to Deutsche Bank "the said Mortgage having an original principal sum of $276,000.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained," as well as MERS's "beneficial interest under the Mortgage." This assignment was recorded on November 2, 2011.

The Darbouzes argue that because MERS assigned away its mortgage interest to Deutsche Bank before Gold Star accepted delivery of the deed, the deed failed to convey any interest to Gold Star, rendering Gold Star's summary process action invalid. We disagree.

When MERS completed the exercise of the power of sale on February 8, 2010, the property was no longer mortgaged land and its mortgage no longer existed. See Bevilacqua v. Rodriguez, 460 Mass. 762, 775 (2011); Santiago v. Alba Mgmt., Inc., 77 Mass. App. Ct. 46, 50 (2010). "[W]hen [MERS] purported to assign the mortgage to [Deutsche Bank], there simply was no mortgage to assign." Santiago v. Alba Mgmt., Inc., supra. Moreover, once Gold Star accepted and recorded the deed at the conclusion of Marie's Superior Court lawsuit and paid the balance of the purchase price, MERS's and Deutsche Bank's remaining interest in the property, if any, was extinguished.

Thus, Gold Star was the owner of the property in fee simple when it initiated the summary process action to evict the Darbouzes.

Conclusion.  The Housing Court judge did not err or abuse his discretion in holding a trial on the summary process action notwithstanding the prior pending Land Court action, in finding that Gold Star had made out a prima facie case of possession, or in determining that the Darbouzes' defenses lacked merit.

Judgment affirmed.