The defendant, James B. Bigelow, appeals from a postforeclosure judgment for possession issued by the Housing Court in favor of the plaintiff, Reem Property, LLC (Reem Property). We affirm.
Background. Bigelow granted a mortgage to World Savings Bank, FSB on real property located at 33 Whiting Road in Oxford (property). World Savings Bank, FSB later became known as Wachovia Mortgage, FSB (Wachovia) and subsequently merged into Wells Fargo Bank, N.A. (Wells Fargo). When Bigelow defaulted on his mortgage, Wells Fargo initiated foreclosure proceedings through its attorneys and notice was posted in a local newspaper. At the foreclosure sale, Reem Property was the highest bidder and obtained a foreclosure deed. The foreclosure deed was recorded with an affidavit of sale, containing the dates of publication and a statement of the affiant that the sale complied with G. L. c. 244, § 14. Thereafter, Reem Property served Bigelow with a notice to quit and vacate, which he did not comply with. Accordingly, Reem Property served Bigelow with a summary process summons and complaint pursuant to G. L. c. 239, § 1. Bigelow answered the complaint, denying that he was unlawfully occupying the property and alleging that Reem Property did not have any rights associated with the property. Reem Property filed a motion for summary judgment, which was allowed following a hearing. This appeal followed.
Discussion. 1. Standard of review. We review a grant of summary judgment de novo. Roman v. Trustees of Tufts College, 461 Mass. 707, 711 (2012). In doing so, we consider the pleadings and other record evidence here, viewing them in the light most favorable to Bigelow and drawing all reasonable inferences in his favor to determine whether, on the undisputed facts, Reem Property is entitled to judgment as a matter of law. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 710-711. "[C]onclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment" (citation omitted). O'Rourke v. Hunter, 446 Mass. 814, 821 (2006).
2. Analysis. Bigelow challenges the validity of the foreclosure of the property and Reem Property's title to the property. In postforeclosure summary process cases, "the plaintiff is required to make a prima facie showing that it obtained a deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded." Bank of N.Y. v. Bailey, 460 Mass. 327, 334 (2011). See Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 642 (2012) (Hendricks ) ("in a summary process action a foreclosure deed and statutory form constitute prima facie evidence of the right of possession"). Where these documents meet the requirements of G. L. c. 244, § 15, it is "incumbent on a defendant to counter with his own affidavit or acceptable alternative demonstrating at least the existence of a genuine issue of material fact." Id. "[P]roof that the title was acquired strictly according to the power of sale provided in the mortgage ... is subject to challenge. If there are other grounds to set aside the foreclosure sale the defendant[ ] must seek affirmative relief in equity." Gold Star Homes, LLC v. Darbouze, 89 Mass. App. Ct. 374, 379 (2016), quoting Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775 (1966).
Here, Reem Property made this prima facie showing by providing the foreclosure deed and affidavit of sale with its motion for summary judgment. Nonetheless, Bigelow argues that the foreclosure sale is void because the attorneys and the auctioneer lacked the authority to conduct the sale and because Wells Fargo was not the mortgagee by merger. Although it is true that "[a]ny effort to foreclose by a party lacking jurisdiction and authority to carry out a foreclosure under [ G. L. c. 183, § 21, and G. L. c. 244, § 14,] is void," U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) (Ibanez ), here, the affidavits filed with the motion for summary judgment sufficiently state that the law firm retained by Wells Fargo was given the power of attorney, and had the proper authority to conduct the sale. Bigelow has not offered his own affidavit or other evidence to counter this. Accordingly, Bigelow's argument that the auctioneer was not a proper agent because it was hired by the foreclosure attorney on behalf of Wells Fargo, is also without merit. See G. L. c. 183, § 21. See also Flynn v. Curtis & Pope Lumber Co., 245 Mass. 291, 297 (1923) ("In the absence of bad faith there is no legal objection to the auctioneer making a bid for the mortgagee or purchaser").
The affidavit of sale also states that Wells Fargo is the successor by merger to Wachovia, which is further established through certificates and affidavits of merger submitted in the record. See Ibanez, 458 Mass. at 651 ("A foreclosing entity may provide a complete chain of assignments linking it to the record holder of the mortgage, or a single assignment from the record holder of the mortgage"). Although Bigelow argues that Wells Fargo did not have title to the property due to an invalid merger, "[t]he record establishe[s] the opposite." Gold Star Homes, 89 Mass. App. Ct. at 379.
Bigelow has failed to present any evidence to support any of his contentions or to dispute the evidence presented by Reem Property. See Deutsche Bank Nat'l Trust Co. v. Gabriel, 81 Mass. App. Ct. 564, 570 (2012). See also Hendricks, 463 Mass. at 643 (where defendant did not controvert plaintiff's prima facie "showing with his own affidavit or some acceptable alternative, there was no genuine issue of material fact to be decided").
In conclusion, after our thorough review of the record, we conclude that Bigelow has "offered nothing to show the existence of a genuine issue of material fact in response to [Reem Property's] prima facie case, and summary judgment was correctly entered against him." Id. at 642.[2]
3. Attorney's fees. Reem Property's request for attorney's fees and costs incurred in connection with this appeal is denied.
Judgment affirmed.

Bigelow's argument that the judge was predisposed against his case is not supported by the record, nor does it rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). To the extent that we do not address Bigelow's other contentions, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).