NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-929

KATHLEEN A. DION

vs.

FRANCES V. FLYNN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kathleen A. Dion, is the daughter of the defendant, Frances V. Flynn, and the decedent, Hugh Flynn.[1]  Dion filed a complaint in the Superior Court contending, among other things, that Frances fraudulently induced or unduly influenced Hugh to remarry, thereby interfering with Dion's inheritance rights.  Following a hearing, the judge allowed Frances's motion to dismiss, and a judgment entered dismissing the complaint with prejudice.  This appeal followed.  We affirm.

Background.  Frances and Hugh divorced in 2017 after a long-term marriage that produced several children, including Dion.  As relevant here, the former home in Malden was awarded to Hugh.  In 2016, prior to the divorce, Hugh executed a last

---

[1] We refer to the Flynns by their first names to avoid confusion.

will and testament that made no provisions for Frances.  Hugh named Dion and another child, Colleen D. Goggin, as the beneficiaries of his estate, in equal shares.  Hugh also named Dion as his health care proxy and power of attorney at that same time.  On September 20, 2016, Hugh established The Flynn Family 2016 Trust and named himself and Dion as trustees.  Hugh transferred the deed to the Malden house to the trust.  On May 19, 2017, the trustees deeded the house to Dion and Goggin as joint tenants.  Immediately thereafter, Dion and Goggin deeded the house to Hugh individually.

Hugh and Frances resumed living together in the former marital home in Malden in 2018.  Hugh was diagnosed with cancer, was hospitalized, and returned to the house in hospice care in February 2020.  Hugh and Frances remarried on February 28, 2020.  Hugh died on March 3, 2020.  After litigation in the Probate and Family Court regarding Hugh's estate, the house was deeded to Frances through a deed of distribution by personal representative on February 11, 2021.[2]

Discussion.  "We review an order on a motion to dismiss de novo.  Factual allegations are sufficient to survive a motion to dismiss if they plausibly suggest that the plaintiff is entitled

---

[2] In his will, Hugh appointed Dion as his personal representative.  However, she declined to serve, and Frances was appointed in her stead.

to relief" (citation omitted).  A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018).  Here, the judge dismissed Dion's complaint for lack of subject matter jurisdiction under Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), failure to state a claim under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and pendency of a prior State court action under Mass. R. Civ. P. 12 (b) (9), as amended, 450 Mass. 1403 (2008).  Dismissal under each rule was proper in this case.

Dion argues that Frances is not entitled to her statutory share of Hugh's estate as the surviving spouse, while claiming that she does not seek to invalidate the marriage itself.  Dion cites no authority for the proposition that a spouse to a valid marriage is not entitled to a statutory share, nor have we found any.  In fact, our case law is to the contrary.  "Marriage creates a status.  The property rights to . . . a share in the estate of the deceased spouse . . . arise automatically from the status."  Bradford v. Parker, 327 Mass. 446, 448 (1951).  See G. L. c. 190B, § 2-102.  By statute, the Probate and Family Court has exclusive jurisdiction over actions to contest the validity of a marriage.  See Bushnell v. Bushnell, 393 Mass. 462, 465 n.4 (1984); G. L. c. 207, § 14.  Because the Superior Court did not have jurisdiction, the judge properly dismissed the complaint under Mass. R. Civ. P. 12 (b) (1).

Dion contends that she is not challenging the nature and validity of the remarriage, but that she was harmed by Frances based on theories of undue influence, fraud, and tortious interference with an expected gift. Notwithstanding her protestations to the contrary, Dion's claims are all rooted in her challenge to the validity of the remarriage. Indeed, her prayer for relief seeks, among other things, "an invalidation of the so-called marriage."

General Laws c. 207, § 14, provides that only parties to the marriage can institute an action to annul it. Undoubtedly, Dion is not a party to the marriage and therefore lacks standing to seek to annul it. Moreover, any issues relating to the capacity to marry must be raised during the lifetime of the parties to the marriage. See Bradford, 327 Mass. at 447. For these reasons, the judge properly determined that Dion lacked standing to contest the validity of the marriage and dismissed the complaint under Mass. R. Civ. P. 12 (b) (6).

Finally, the probate proceedings regarding Hugh's estate constitute a prior action in a court of the Commonwealth. "Dismissal under [Mass. R. Civ. P. 12 (b) (9)] is proper when the same parties are involved in two actions, one begun before the other, and [i]t is apparent from the face of the present complaint . . . that all the operative facts relied on to support the present action had transpired prior to the

4

commencement of the first action" (quotations and citation omitted).  Gold Star Homes, LLC v. Darbouze, 89 Mass. App. Ct. 374, 377 (2016).  Moreover, a tort action cannot be used to attack a decree of the Probate and Family Court.  See Brignati v. Medenwald, 315 Mass. 636, 638-639 (1944).  For these additional reasons, the judge properly dismissed the complaint.[3]

Judgment affirmed.

By the Court (Blake, Hershfang & D'Angelo, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  February 22, 2023.

---

[3] Based on our holdings, we need not address whether Dion's complaint set forth the necessary elements of each count.
[4] The panelists are listed in order of seniority.

5