BANK OF NEW YORK, trustee,[1] *vs.* KC BAILEY.

Suffolk. April 4, 2011. - August 4, 2011.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.

*Summary Process. Housing Court,* Jurisdiction. *Jurisdiction,* Housing Court, Summary process. *Real Property,* Record title. *Mortgage,* Foreclosure. *Practice, Civil,* Summary process, Summary judgment.

In a summary process eviction action brought by the plaintiff, a party that acquired the property in question pursuant to a foreclosure sale, the Housing Court judge erred in granting summary judgment in favor of the plaintiff, where the Housing Court has jurisdiction to decide the validity of a challenge to the plaintiff's title, raised by the former homeowner as a defense to the summary process action [331-334]; thus, because the plaintiff failed to make out a prima facie showing of possession, and the issues were disputed, this court remanded the matter for further proceedings [334-335].

SUMMARY PROCESS. Complaint filed in the Boston Division of the Housing Court Department on January 13, 2009.

The case was heard by *Mary Lou Muirhead,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jennifer Tarr (H. Esme Caramello* with her) for the defendant.

*Peter Guaetta (Victor Manougian* with him) for the plaintiff.

*Pamela S. Kogut,* for Chelsea Collaborative & others, amici curiae, submitted a brief.

*Ilana Gelfman, Richard M.W. Bauer, Nadine Cohen, & Ann Jochnick,* for City Life/Vida Urbana, amicus curiae, submitted a brief.

DUFFLY, J. The question we address in this case is whether the Housing Court has jurisdiction to decide the validity of a challenge to a title, raised by a former homeowner as a defense

---

[1]For the certificateholders CWABS, Inc., Asset-Based Certificates Series 2005-13.

to a summary process eviction action by a party acquiring the property pursuant to a foreclosure sale. The plaintiff, Bank of New York (BNY), asserts that it acquired title to the home of the defendant, KC Bailey, pursuant to foreclosure proceedings.[2] Seeking to evict Bailey, BNY filed an action for summary process pursuant to G. L. c. 239, § 1. Bailey's answer to the complaint alleged, among other claims and defenses, that BNY was not the owner because the sale was not in compliance with the foreclosure statute, due to defective notice, and the deed was thus void. See *U.S. Bank Nat'l Ass'n* v. *Ibanez*, 458 Mass. 637, 646 (2011). In its motion for summary judgment, BNY argued that the Housing Court lacked jurisdiction to address the claim raised by Bailey's defense, and that it had made out a prima facie claim for superior possession by virtue of the deed, a copy of which was attached to the complaint. The motion judge agreed; she allowed BNY's motion, and entered summary judgment in favor of BNY. Bailey appealed from that judgment and we transferred the case to this court on our own motion. Because we conclude that the Housing Court has jurisdiction to consider the validity of the plaintiff's title as a defense to a summary process action after a foreclosure sale pursuant to G. L. c. 239, § 1, we vacate the allowance of summary judgment and remand for further proceedings.

1. *Background and prior proceedings*. In 2005, Bailey obtained a mortgage on a home on West Selden Street in the Mattapan section of Boston, a home he had owned and in which he had lived since 1979. The mortgage was obtained from an entity identified as "Mortgage Electronic Registration Systems, Inc. ('MERS'), solely as nominee for the Lender (America's Wholesale Lender)" (MERS as "nominee"[3]). The record reflects

---

[2]We acknowledge the amicus brief of City Life/Vida Urbana, and the amicus brief of the Chelsea Collaborative, Lynn United for Change, and the Merrimack Valley Project, both in support of the defendant.

[3]Mortgage Electronic Registration Systems (MERS) acts as nominee and as mortgagee of record for its members and appoints itself nominee, as mortgagee, for its members' successors and assigns. See *Mortgage Elec. Registration Sys.* v. *Saunders*, 2 A.3d 289, 294 (Me. 2010), quoting *MERSCORP, Inc.* v. *Romaine*, 8 N.Y.3d 90, 100 (2006) (Kaye, C.J., dissenting in part). In this case, we are not faced with the issue whether MERS may properly be both the mortgagee and an agent of the mortgagee, and we do not decide in which capacity MERS acted here.

that on March 6, 2007, proceedings for foreclosure by sale were instituted by MERS as "nominee," and that MERS as "nominee" was the highest bidder at the foreclosure sale.[4] Bailey asserts that on March 26, 2007, he discovered that a notice to evict had been affixed by duct tape to the fence surrounding his West Selden Street property.[5] He thereafter filed an action against MERS as "nominee" in the Superior Court seeking to set aside the foreclosure sale. That complaint eventually was dismissed without prejudice for failure to effect timely service. No further description of the Superior Court proceedings is necessary to an understanding of the issues before us, or the context in which they arose.

Returning to the circumstances that led to this Housing Court action, Bailey asserts that he received no notice of, and was unaware of, the sale by foreclosure that took place on March 6, 2007.[6] On December 30, 2008, BNY served Bailey with a notice of its intention to terminate his occupancy. When Bailey failed to vacate the property, BNY instituted the underlying action in the Housing Court and, on January 9, 2009, served Bailey with a summary process (eviction) summons. Bailey answered the summary process complaint, alleging in part that his home was "foreclosed without legally sufficient notice under [G. L. c. 244, § 17B]."[7] Bailey asserted in his answer that he had received all personal, business, and legal correspondence for over thirty

---

[4]A copy of the notice placed in the newspaper is in the record, but the date is illegible. MERS as "nominee" noticed the foreclosure in the newspaper. In its appellate brief, the Bank of New York (BNY) included a copy of an affidavit from MERS as "nominee," which states that MERS as "nominee" provided notice of the foreclosure to Bailey via certified mail. The affidavit was not included in the summary judgment record that was before the motion judge, and we do not consider it in our analysis on appeal. See *Tetrault* v. *Mahoney, Hawkes & Goldings*, 425 Mass. 456, 458-459 (1997); note 13, *infra*.

[5]The notice was not included in the record.

[6]BNY had previously filed a summary process action against Bailey in the Housing Court. On May 10, 2007, however, that action was dismissed without prejudice by agreement of the parties. That action, and the notice preceding it, is dated several months before the June 29, 2007, date of an "assignment of bid for value" purporting to transfer to BNY, as trustee for the certificate-holders CWABS, Inc., Asset-Backed Certificates, Series 2005-13, all of the interests of MERS as "nominee" in the West Selden Street property.

[7]BNY makes much of the fact that Bailey, in his original answer and on appeal, cited G. L. c. 244, § 17B, in support of his claim that notice of the foreclosure was deficient. This statute governs the manner in which notice

years at his United States post office box, the same post office box to which all previous correspondence regarding his mortgage had been sent; but he had received at that post office box no notice of an impending foreclosure.[8] Thereafter, BNY filed its motion for summary judgment, claiming that MERS as "nominee" had assigned to BNY the note and the mortgage; that on Bailey's default BNY had, on March 6, 2007, foreclosed; that BNY was the highest bidder at the foreclosure sale; and that BNY had served Bailey with a notice to quit and a summary process complaint and summons.[9] In a memorandum

must be provided in an action for deficiency. It is apparent from his pleadings and arguments that Bailey's intended reference was to G. L. c. 244, § 14, which sets forth the requirements of notice in connection with a foreclosure by sale. That statute provides, in relevant part:

> "The mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal, or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person, may, upon breach of condition and without action, do all the acts authorized or required by the power; *but no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale,* notice thereof has been published once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a newspaper, if any, published in the town where the land lies or in a newspaper with general circulation in the town where the land lies *and notice thereof has been sent by registered mail to the owner or owners of record of the equity of redemption as of thirty days prior to the date of sale, said notice to be mailed at least fourteen days prior to the date of sale to said owner or owners* to the address set forth in [G. L. c. 185, § 61], if the land is then registered or, *in the case of unregistered land, to the last address of the owner or owners of the equity of redemption appearing on the records of the holder of the mortgage . . ."* (emphasis added).

Because we look to the substance, rather than the form, of Bailey's asserted defense, his incorrect citation is not fatal to his claim. See *Quinn* v. *Walsh,* 49 Mass. App. Ct. 696, 704 (2000) (label attached to pleadings should not govern their substance). Bailey argued repeatedly that the foreclosing agent failed to provide him proper notice before conducting the foreclosure sale and thus provided sufficient notice to the plaintiff of the defense being asserted. See *Clark* v. *Greenhalge,* 411 Mass. 410, 413 n.6 (1991).

[8]Bailey's answer also set forth various counterclaims which were dismissed and are not a subject of this appeal.

[9]As earlier stated, the record reflects that MERS as "nominee," not BNY, was the holder of the mortgage on March 6, 2007, and that the foreclosure was conducted by MERS as "nominee," which was the highest bidder at the foreclosure sale.

opposing the motion, Bailey contended that BNY's "owner-ship" of Bailey's home "remains in dispute, because notice of the foreclosure sale . . . was legally insufficient." Concluding that Bailey's challenge to the validity of the foreclosure was not within the Housing Court's jurisdiction, the judge allowed BNY's motion. The judge reasoned that "[t]he only issue before the [c]ourt is whether the [p]laintiff is entitled to possession," and because BNY showed that "its deed was recorded prior to the service of the [n]otice to [q]uit," BNY had established a prima face case for possession.

2. *Discussion.* We review a decision to grant summary judg-ment de novo. See *Ritter* v. *Massachusetts Cas. Ins. Co.*, 439 Mass. 214, 215 (2003). "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991).

a. *Subject matter jurisdiction.*[10] That the Housing Court has jurisdiction over summary process actions pursuant to G. L. c. 239 is not in dispute. The Housing Court may hear summary process actions brought by those who acquire ownership of property via foreclosure by sale. See G. L. c. 185C, § 3. See also *Bech* v. *Cuevas*, 404 Mass. 249 (1989); *Duggan* v. *Gon-salves*, 65 Mass. App. Ct. 250, 254 n.6 (2005) (Housing Court has appropriate jurisdiction over summary process action pur-suant to G. L. c. 185C, § 3); *Metropolitan Credit Union* v.

---

[10]During oral argument, BNY contended that the case might be moot because BNY had foreclosed the mortgage by entry pursuant to G. L. c. 244, § 2, and Bailey therefore could no longer contest BNY's title based on defective notice of the foreclosure sale. See *Grabiel* v. *Michelson*, 297 Mass. 227, 228-229 (1937) (any defect in foreclosure by sale irrelevant after proper foreclosure by entry completed).

In order to foreclose on a mortgage by entry, BNY must have been the mortgagee at the time of entry. See *U.S. Bank Nat'l Ass'n* v. *Ibanez*, 458 Mass. 637, 646 n.15 (2011); G. L. c. 244, §§ 1-2. Nothing in the record indicates when or by what means the entry was made, and whether at the time of entry BNY was the mortgagee of the West Selden Street property. It may well be that BNY can establish that it has acquired an assignment of the mortgage despite defects in the foreclosure by sale. On the record before us, we are unable to make this determination.

*Matthes*, 46 Mass. App. Ct. 326, 330 (1999); Commentary to Rule 1 of the Uniform Summary Process Rules, Mass. Ann. Laws Court Rules 705 (LexisNexis 2010-2011) ("Four Departments of the Massachusetts Trial Court have jurisdiction over summary process actions [Superior Court, District Court, Boston Municipal Court and Housing Court]").

The question, as stated above, is whether, in the course of a summary process action brought in the Housing Court by a party acquiring the property pursuant to a foreclosure by sale, the judge may consider the former homeowner's defense that the plaintiff's title is invalid because the foreclosure was not conducted strictly according to the statute. See *U.S. Bank Nat'l Ass'n* v. *Ibanez*, 458 Mass. 637, 646 (2011). The answer to this question is informed by the historical context of the action for summary process.

Although the Housing Court has only been in existence since 1972, see G. L. c. 185A, inserted by St. 1971, c. 843, §§ 1, 27, summary process is a long-standing cause of action. The current summary process statute, G. L. c. 239, § 1, derives from the "summary remedy" statute that has its roots in the beginning of the Eighteenth Century in the Province Laws 1700-1701. See *Page* v. *Dwight*, 170 Mass. 29, 31-37 (1897) (discussing evolution of "summary remedy," St. 1825, c. 89, that provided remedies to "persons having the right of possession of houses and tenements").

The summary remedy statute was in force when the General Statutes were revised in 1835 and was retained through later revisions, to provide a cause of action to those not in a traditional landlord-tenant relationship. See *Page* v. *Dwight, supra* at 34 (statute revised in part so that "in all such cases the like proceedings might be had as if the relation of landlord and tenant had theretofore existed between them. St. 1835, c. 114"). The summary remedy statute, codified in Rev. St. (1836) c. 104, "gave the process only to a 'person entitled to the premises,' which required him to prove that he was entitled to this possession, and which said that the defendant should have judgment if the plaintiff failed to prove his right to possession." *Id.* at 37. In 1879, legislation was enacted specifically directed at those attempting to gain possession who had acquired property pursuant

to foreclosure of the mortgage by sale. See *id.,* citing St. 1879, c. 237.

Challenging a plaintiff's entitlement to possession has long been considered a valid defense to a summary process action for eviction where the property was purchased at a foreclosure sale. See *New England Mut. Life Ins. Co.* v. *Wing,* 191 Mass. 192, 195 (1906) (in summary process action "by the purchaser at a mortgagee's sale, the legal title may be put in issue, and it therefore became incumbent upon the plaintiff to establish its right of possession to the land demanded"). See also *Sheehan Constr. Co.* v. *Dudley,* 299 Mass. 51, 53 (1937) (in summary process action available to purchaser at foreclosure sale "it is incumbent upon such purchaser to establish his right of possession. The legal title in those circumstances plainly may be put in issue"). We have upheld that principle as recently as 1966, when we said, "The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld. Right to possession must be shown and legal title may be put in issue. . . . Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge." *Wayne Inv. Corp.* v. *Abbott,* 350 Mass. 775, 775 (1966), citing *Sheehan Constr. Co.* v. *Dudley, supra,* and *New England Mut. Life Ins. Co.* v. *Wing, supra.*

The Housing Court was established in order to provide "a specialized forum to handle criminal and civil matters regarding housing that arise in the city of Boston." *LeBlanc* v. *Sherwin Williams Co.,* 406 Mass. 888, 891-892 (1990). In 1979, the Legislature enacted St. 1979, c. 72, § 3, which further defined and expanded the Housing Court's jurisdiction. See *Tedford* v. *Massachusetts Hous. Fin. Agency,* 390 Mass. 688, 693 n.7 (1984); *Boston* v. *Kouns,* 22 Mass. App. Ct. 506, 510-511 (1986). The Housing Court's jurisdiction over summary process actions is concurrent with that of the District Court and Superior Court. There is nothing in this jurisdictional scheme that supports a conclusion that the Legislature intended to give the Housing Court concurrent jurisdiction over summary process actions, yet preclude its consideration of the long-recognized validity of title defense to summary process.

Our conclusion that the Housing Court may consider the defense promotes the legislative goal of "just, speedy, and inexpensive" resolution of summary process cases. See Rule 1 of the Rules of Summary Process, *supra.* The pursuit of "speedy and inexpensive" summary process actions is compromised if the Housing Court must stay summary process proceedings while litigation on the validity of the foreclosure proceedings continues in another court. This creates precisely the type of unnecessary delay and inefficiency that the Legislature intended to eliminate when it reorganized the trial courts in the Commonwealth. See G. L. c. 211B; *Konstantopoulos* v. *Whately,* 384 Mass. 123, 129-130 (1981).

b. *Proof of possession.* Having determined that the Housing Court has jurisdiction to decide Bailey's defense to the summary process action, we now address BNY's contention that it nevertheless established possession and that the grant of summary judgment in its favor was appropriate.

To prevail on its motion for summary judgment, BNY "had the burden of showing that there are no material facts in dispute regarding its legal title to the property." *Metropolitan Credit Union* v. *Matthes,* 46 Mass. App. Ct. 326, 330 (1999), citing Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974), and *Sheehan Constr. Co.* v. *Dudley, supra* at 53-54. BNY contends, without citation to relevant authority, that to meet its burden it had only to prove that the foreclosure deed was recorded prior to service on Bailey of the notice to quit.[11]

In a summary process action for possession after foreclosure by sale, the plaintiff is required to make a prima facie showing that it obtained a deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded. See *Lewis* v. *Jackson,* 165 Mass. 481, 486-487 (1896); G. L. c. 244, § 15.[12] BNY failed to submit an affidavit of sale "show[ing] that the requirements of

---

[11]In support of its motion for summary judgment, BNY submitted only the foreclosure deed and the eviction notice.

[12]General Laws c. 244, § 15, provides: "The person selling, or the attorney duly authorized by a writing or the legal guardian or conservator of such person, shall, after the sale, cause a copy of the notice and his affidavit, fully and particularly stating his acts, or the acts of his principal or ward, to be recorded in the registry of deeds for the county or district where the land lies,

the power of sale and of the statute have in all respects been complied with." *Id.*[13]

Because BNY failed to make out a prima facie showing of possession, and the issues are disputed, the motion for summary judgment should not have been granted.

*Conclusion.* The decision granting summary judgment for the plaintiff is vacated. The case is remanded to the Housing Court for further proceedings consistent with this opinion.

*So ordered.*

---

with a note or reference thereto on the margin of the record of the mortgage deed, if it is recorded in the same registry. If the affidavit shows that the requirements of the power of sale and of the statute have in all respects been complied with, the affidavit or a certified copy of the record thereof, shall be admitted as evidence that the power of sale was duly executed."

[13]We do not consider the affidavit submitted by BNY on appeal, which it conceded was not part of the record before the judge. See *Tetrault* v. *Mahoney, Hawkes & Goldings*, 425 Mass. 456, 458-459 (1997).