In an action initiated in the District Court, a judge granted summary judgment in favor of the plaintiff, FNBN1, LLC, on a summary process action for possession and eviction of the defendant, Carlos Antonio De Oliveira. De Oliveira appealed to the Appellate Division of the District Court, which affirmed the judgment. On further appeal to this court, De Oliveira contends that (1) the District Court judge erred by granting FNBN1's motion for summary judgment because FNBN1 did not produce an affidavit complying with G. L. c. 244, § 15 ( § 15 affidavit); (2) the affidavit and business records submitted in support of the motion were not competent to establish that FNBN1 complied with the requirements of G. L. c. 244, § 14, concerning exercise of its power of sale; (3) Mortgage Electronic Registration Systems, Inc. (MERS) did not properly assign the mortgage to FNBN1; and (4) the mortgage was originated fraudulently. We affirm.
Background. De Oliveira purchased a home at 16 Bellevue Avenue, Oak Bluffs, on April 9, 2007, granting a mortgage on the property to MERS as nominee for the lender, First National Bank of Arizona. On September 6, 2011, MERS assigned the mortgage to FNBN1 and recorded the assignment at the Dukes County registry of deeds.
In early 2011, De Oliveira defaulted on his loan. Thereafter, Specialized Loan Servicing, LLC, servicer to FNBN1 (the servicer), sent De Oliveira a series of notices. First, the servicer sent a right-to-cure letter dated March 14, 2011, pursuant to G. L. c. 244, § 35A. The servicer then sent De Oliveira three successive notices of default and intent to foreclose, the last dated July 12, 2011, under paragraph 22 of the mortgage.
Eight months later, on March 22, 2012, FNBN1, through its attorneys, the Harmon Law Offices, PC, delivered to De Oliveira and all other record lien holders, by certified mail, notice that a mortgage foreclosure sale would take place on April 25, 2012. FNBN1 also caused notice of the foreclosure sale to be published on March 30, April 6, and April 13, 2012. FNBN1 purchased the property for $441,000 at the foreclosure sale held on April 25, 2012, and recorded a foreclosure deed and affidavit on July 25, 2012.
On September 17, 2012, FNBN1 initiated this summary process action in the Edgartown District Court. The parties filed cross motions for summary judgment, which the first motion judge denied. A second motion judge allowed FNBN1's second summary judgment motion, concluding that the uncontroverted materials submitted by FNBN1 demonstrated that it had properly exercised its power of sale. Judgment for possession entered in favor of FNBN1 on June 10, 2013. De Oliveira now appeals from the Appellate Division's affirmance of the judgment.[3]
Discussion. "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Bank of N.Y. v. Bailey, 460 Mass. 327, 331 (2011), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). "Our review of a motion judge's decision on summary judgment is de novo, because we examine the same record and decide the same questions of law." Kiribati Seafood Co., LLC v. Dechert LLP, 478 Mass. 111, 116 (2017).
1. Section 15 affidavit. "In a summary process action for possession after foreclosure by sale, the plaintiff is required to make a prima facie showing that it obtained a deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded." Bailey, 460 Mass. at 334. De Oliveira claims FNBN1 failed to make this prima facie showing because it failed to produce a sufficient § 15 affidavit.
"[A] plaintiff in a postforeclosure summary process case may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G. L. c. 244, § 15." Federal Natl. Mort. Assn. v. Hendricks, 463 Mass. 635, 637 (2012). However, a defective § 15 affidavit "does not void a foreclosure sale or the right to possession." Ibid. The foreclosing party may cure a defective affidavit of sale "by extrinsic evidence [showing] that the power of sale was exercised properly and the foreclosure was valid." Ibid. Thus, assuming without deciding that the Ryan-Polczinski affidavit did not comply with the statute, this deficiency alone does not preclude the entry of summary judgment for FNBN1. Rather, we must determine whether FNBN1 offered sufficient, uncontested extrinsic evidence to cure the defects.
2. Extrinsic evidence. With its second motion for summary judgment, FNBN1 submitted the affidavit of Kendra A. Keegan, attorney manager of the Post Sale Department at the office of FNBN1's foreclosing attorneys. Keegan authenticated numerous business records generated in connection with FNBN1's exercise of its power of sale. De Oliveira argues that the Keegan affidavit does not effectively establish that FNBN1 complied with G. L. c. 244, § 14, because, among other things, it asserts bare legal conclusions, is not based on personal knowledge, and does not establish the affiant's competency to testify. We disagree.
Keegan, as a manager of the firm, was competent to authenticate the foreclosing attorneys' business records. "The affidavit was made on the basis of personal knowledge of the ... practices of the [foreclosing attorneys] as well as a review of the business records and it was sufficient." First Natl. Bank of Cape Cod v. North Adams Hoosac Sav. Bank, 7 Mass. App. Ct. 790, 794 (1979). These records established that "advance notice of the foreclosure sale ha[d] been provided to the mortgagor, to other interested parties, and by publication in a newspaper published in the town where the mortgaged land lies or of general circulation in that town." U.S. Bank Natl. Assn. v. Ibanez, 458 Mass. 637, 647 (2011), citing G. L. c. 244, § 14. We agree with the second motion judge that Keegan's affidavit corrected any deficiencies in the § 15 affidavit.
3. Assignment of the mortgage. De Oliveira contends that MERS never held the mortgage and, therefore, could not assign it to FNBN1. De Oliveira also argues that even if MERS did hold the mortgage, the foreclosure sale was nonetheless invalid because FNBN1 was not assigned the mortgage until September 6, 2011, after De Oliveira received the right-to-cure letter and notices of default. These claims are meritless.
The first page of the mortgage plainly states that "MERS is the mortgagee under this Security Instrument." Page three states that De Oliveira "does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, ... the following described property ...." Under Massachusetts law, MERS may hold and assign mortgages. See Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 209-210 (2014) ; Shea v. Federal Natl. Mort. Assn., 87 Mass. App. Ct. 901, 903 (2015). Thus, it is beyond dispute that MERS was the mortgagee and, as such, had the right to assign, and did assign, the mortgage to FNBN1.
De Oliveira provides no authority to support his contention that a foreclosing mortgagee is required to hold the mortgage at the time that the lender gives the requisite notices under G. L. c. 244, § 35A, and we are aware of none. To the contrary, even in a post-Eaton [4] case, which this is not, a mortgage holder is not required to "hold both legal and equitable interest in the loan ... at the time of ... any previous transfers of the recorded mortgage interest." Sullivan, 85 Mass. App. Ct. at 210.[5] Rather, to have the authority to foreclose, FNBN1 had to be the assignee of the mortgage "at the time of the notice of sale and the subsequent foreclosure sale." Ibanez, 458 Mass. at 648. Again, it is undisputed that MERS assigned the mortgage to FNBN1 prior to FNBN1's sending the notice of sale and foreclosure. Therefore, there are no triable issues of fact concerning MERS's assignment of the mortgage to FNBN1.
4. Fraud claim. De Oliveira also argues that there was fraud in the mortgage's origination. The Appellate Division did not consider this claim, concluding that the record contained "scant, if any, credible evidence of fraud as to FNBN[1]." Similarly, De Oliveira's brief in this court contains only unsupported allegations of fraud, with no connection to FNBN1. An "appellate court need not pass upon questions or issues not argued in the brief," Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and briefs that are limited to "bald assertions of error, lacking legal argument and authority" do not "rise[ ] to the level of appellate argument." Zora v. State Ethics Commn., 415 Mass. 640, 642 n.3 (1993). "As both a legal and a practical matter, [De Oliveira's] submissions provide an insufficient basis for this court reasonably to consider his claims." Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011).
Decision and order of the Appellate Division affirmed.

In a separate memorandum and order issued today, we affirm the judgment in favor of FNBN1 in a subsequent action that De Oliveira and his wife brought in the Superior Court to challenge the foreclosure. See De Oliveira vs. FNBN1, LLC, Mass. App. Ct., No. 17-P-471.

See Eaton v. Federal Natl. Mort. Assn., 462 Mass. 569 (2012). "The rule announced in Eaton was given only prospective effect, to foreclosure sales for which the mandatory notice of sale was given after the date of that opinion (June 22, 2012)." Sullivan, 85 Mass. App. Ct. at 209.

Moreover, the servicer may properly give the notice required under G. L. c. 244, § 35A, as occurred here. See Haskins v. Deutsche Bank Natl. Trust Co., 86 Mass. App. Ct. 632, 641 (2014) (servicer is "within the scope of parties encompassed by the term 'mortgagee' in § 35A [h ][4]").