NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-989

WELLS FARGO BANK, N.A.

vs.

NICHOLAS KALOGERAS & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a postforeclosure summary process action in the Housing Court. The defendants appeal from a summary judgment that awarded the plaintiff possession of a home at 51 Fuller Road, Palmer. The defendants contend that whether the plaintiff complied with a United States Department of Housing and Urban Development (HUD) regulation requiring a face-to-face meeting before foreclosure was a disputed issue of material fact that should have been resolved at trial. We affirm.

Background. In 2013, the defendants signed a note, secured by a mortgage on the Palmer residence. The mortgage was insured by HUD and incorporated applicable HUD regulations by reference,

_____

[1] Eugenia Kalogeras.

including 24 C.F.R. § 203.604(b) (2017), which requires, before foreclosure, that "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting."[2]

The defendants defaulted on the note and mortgage. At the relevant times, the plaintiff held and serviced the mortgage. On October 17, 2017, the plaintiff sent the defendants a certified letter by first-class mail, return receipt requested as indicated by the Postal Service stamp and tracking number appearing on the envelope and letter, stating that "your mortgage is in default" and "[w]e would like to arrange a face-to-face meeting with you." The defendants deny receiving the letter, and a return receipt is not in the record, but the plaintiff offered contemporaneous business records showing the letter was sent.

On October 25, 2017, also by first-class mail, return receipt requested as indicated by the Postal Service stamp and tracking numbers, the plaintiff sent the defendants the certified notices of acceleration and right to cure that are required by G. L. c. 244, § 35A. Again, a return receipt is not in the record, but the plaintiff offered contemporaneous

---

[2] We cite to the regulations in effect at the time of the default.

business records showing the letters were sent, and the defendants do not challenge the sufficiency of that evidence.

On October 31, 2017, the plaintiff hired National Creditors Connection, Inc. (NCCI) to send a person to the defendants' home to arrange or conduct a face-to-face meeting. The company sent a field representative, Nikilette Walker, who arrived at the home at 5:34 P.M. the next day, according to records maintained by the company and produced by the custodian of records. Walker "did not contact anyone at the house" but left a flyer from the plaintiff taped to the door, in an envelope labeled "personal and confidential," that said, "you are eligible for a face-to-face meeting to discuss your financial circumstances." The letter encouraged the defendants to "Call today to arrange an in-person meeting" using a telephone number highlighted in bold. Delivery of the flyer was documented in the plaintiff's and NCCI's business records.

Receiving no response to this communication, the plaintiff proceeded with foreclosure. In 2019, the plaintiff bought the home from itself at auction and recorded a foreclosure deed and affidavit of sale under G. L. c. 244, § 15. The plaintiff served the defendants with notices to quit, then commenced an action in Housing Court for summary process. In November 2021, for the first time and in response to the plaintiff's requests for admissions, the defendants asked for a face-to-face meeting.

3

In her affidavit, defendant Eugenia Kalogeras said she did not know about her right to request a meeting earlier because she did not receive the plaintiff's letter or flyer in 2017. Kalogeras further averred that "[m]y entire family is typically home after 5 P.M. on weekdays," "I have a bay window next to my front door and would have seen someone approaching my home at 5:34 P.M. on a Wednesday evening," and "[n]obody ever came to my property in an attempt to conduct or arrange a face-to-face meeting."

Discussion. We review a grant of summary judgment de novo, taking disputed facts and reasonable inferences in favor of the nonmoving party, here the defendants. See Bank of N.Y. v. Bailey, 460 Mass. 327, 331 (2011) (Bailey). Summary judgment is appropriate where the pleadings, discovery materials, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). Under the rule, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974). Conclusory statements, general denials, and factual allegations not based on personal knowledge

are insufficient to defeat summary judgment. See Madsen v. Erwin, 395 Mass. 715, 721 (1985), and cases cited.

To prevail on its motion for summary judgment, the plaintiff "had the burden of showing that there are no material facts in dispute regarding its legal title to the property" (citation omitted). Bailey, 460 Mass. at 334. In summary process, legal title is established "by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G. L. c. 244, § 15." Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012). The defendants do not challenge the plaintiff's prima facie case for possession of the property; their only challenge to title is that the foreclosure is void because the plaintiff did not meet with them face-to-face prior to the foreclosure. See Wells Fargo Bank, N.A. v. Cook, 87 Mass. App. Ct. 382, 389 (2015).

Under HUD regulations, "[a] face-to-face meeting is not required if . . . [a] reasonable effort to arrange a meeting is unsuccessful." 24 C.F.R. § 203.604(c)(5) (2017). In this context, the words "reasonable effort to arrange a meeting" have a specific meaning. "A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched," and "shall also include at least one

5

trip to see the mortgagor at the mortgaged property."  24 C.F.R.
§ 203.604(d) (2017).

Here, the plaintiff produced admissible evidence in the
form of business records to show that it sent the defendants a
letter that the Postal Service certified as dispatched when it
assigned a tracking number.  The fact that in her affidavit,
Eugenia Kalogeras disclaims personal knowledge of the letter
does not undermine this evidence or support an inference that
the letter was not sent.  Because HUD regulations require proof
that a letter was sent, not that it was received, any dispute
over evidence of receipt is immaterial.

Similarly, even if the defendants' "entire family is
typically home after 5 P.M. on weekdays" (emphasis added), and
"would have seen someone approaching [the] home at 5:34 P.M. on
a Wednesday evening," Kalogeras's affidavit is silent on the
family's location at 5:34 P.M. on November 1, 2017.  It is
therefore insufficient to raise a disputed issue of material
fact whether Walker made "at least one trip to see the mortgagor

at the mortgaged property" and left the flyer taped to the door.

Judgment affirmed.

By the Court (Hand,
Hershfang & Brennan, JJ.[3]),

*Anne M. Thomas*

Assistant Clerk

Entered:   February 8, 2024.

---

[3] The panelists are listed in order of seniority.