NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-962

U.S. BANK TRUST, N.A., trustee,[1]

vs.

DONALD PERRY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is a post-foreclosure summary process action in which the pro se defendant, Donald Perry, appeals from the entry of judgment by a judge of the Housing Court following the allowance of the plaintiff's, U.S. Bank's,[2] second motion for summary judgment. Because there are no genuine issues of material fact in dispute, we affirm the entry of summary judgment for the plaintiff.

Background. The undisputed facts are as follows. On May 9, 2006, Donald Perry borrowed $397,500 from Washington Mutual

_____

[1] For LSF9 Master Participation Trust.

[2] We will refer to the plaintiff as U.S. Bank or plaintiff.

Bank and secured the payment through a residential mortgage.

Washington Mutual Bank endorsed the note in blank.  On September

25, 2008, Washington Mutual Bank was declared insolvent and the

Federal Deposit Insurance Corporation (FDIC), as receiver of

Washington Mutual Bank, assigned the mortgage to JP Morgan

Chase.  A series of assignments of the note and mortgage

followed.

In 2017, Perry defaulted on the mortgage and a foreclosure

sale resulted in U.S. Bank purchasing the property and becoming

the record owner of the premises.  In April 2018, U.S. Bank

filed a summary process action in the Housing Court and obtained

summary judgment in its favor.  Perry appealed the judgment and,

in a summary decision,[3] a panel of this court vacated entry of

summary judgment and remanded the case for further proceedings.

The panel concluded that summary judgment entered in error first

because Perry's discovery requests remained outstanding.

Second, there was a material dispute of fact as to the propriety

of the recorded 2015 assignment from the FDIC to JP Morgan Chase

because the notary jurat did not match the date or signature on

the assignment.

---

[3] U.S. Bank Trust, N.A. v. Perry, 99 Mass. App. Ct. 1111
(2021).

On remand, a judge of the Housing Court entered a discovery order requiring discovery to be completed by April 7, 2021. At a pretrial conference in October 2022, a different judge found that U.S. Bank had complied with the discovery order and that discovery was complete. Perry filed a motion for reconsideration, claiming that discovery had not been provided, but he later in open court withdrew his motion, stating that discovery "at this point should be closed." The judge heard arguments from both parties and took the matter under advisement. The judge found that discovery was complete, the assignment to JP Morgan Chase occurred by operation of law when the FDIC became receiver, and the 2015 assignment in question was merely confirmatory in nature and of no consequence. In a thoughtful memorandum of decision, the judge concluded that U.S. Bank had established strict compliance with statutory foreclosure requirements and entered judgment in U.S. Bank's favor. This appeal followed.

Discussion. 1. Standard of review. We review a grant of summary judgment de novo to determine whether, "viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (quotation omitted). Casseus v. Eastern Bus Co., 478 Mass. 786, 792 (2018). Here, U.S. Bank bears the "burden of affirmatively demonstrating the

3

absence of a triable issue."  Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 550 n.6 (2008).  If the moving party carries its burden, then the party opposing the motion (Perry) must establish the existence of a genuine issue of material fact.  See Sea Breeze Estates, LLC v. Jarema, 94 Mass. App. Ct. 210, 215 (2018), quoting French King Realty Inc. v. Interstate Fire & Cas. Co., 79 Mass. App. Ct. 653, 659-660 (2011).

2.  Summary judgment in a summary process action.  Summary process cases are civil actions with the purpose of enabling the holder of the legal title to gain lawful possession of the premises.  See Wells Fargo Bank, N.A. v. Cook, 87 Mass. App. Ct. 382, 385 (2015), quoting Bank of N.Y. v. Bailey, 460 Mass. 327, 333 (2011).  See also Bank of America, N.A. v. Rosa, 466 Mass. 613, 624 (2013).[4]  To prevail on a motion for summary judgment, the moving party has the burden of proving that there are no material facts in dispute with respect to the title.  See Bailey, supra at 334.  In general, the bank must show that it

_____

[4] In Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 834 (2019), the Supreme Judicial Court recognized the unique nature of summary process matters, describing them as "complex, fast-moving, and generally litigated by landlords who are represented by attorneys and tenants who are not."  While we recognize that here Perry was the former homeowner and not a tenant, it remains true that the "challenges inherent in navigating a complex and fast-moving process are compounded for those individuals who face summary process eviction without the aid and expertise of an attorney."  Id. at 837.

4

obtained the deed to the property and that both the deed and the affidavit of sale, showing compliance with the statutory foreclosure requirements, were recorded.  See id.

A former homeowner is permitted to "challenge the title of the banks in these summary process actions, and . . . can require the banks to establish that title was acquired strictly according to the power of sale provided in the mortgage."  Rosa, 466 Mass. at 621.  See Bailey, 460 Mass. at 333.  A former homeowner can render a foreclosure sale void by mounting a successful challenge to the validity of a bank's title.  See Cook, 87 Mass. App. Ct. at 385.

Perry contends that the judge erred in granting U.S. Bank's motion for summary judgment because the requested discovery was never provided to him and because of the existence of material facts in dispute about the 2015 assignment.  In essence, Perry claims that U.S. Bank has failed to show strict compliance with foreclosure requirements because it never established that the recorded 2015 assignment was executed by an individual with proper authority.  We address each claim in turn.

We do not discern any material outstanding discovery. Perry did file a motion for reconsideration on the judge's discovery order, but he later agreed in open court that discovery should be closed and he withdrew his motion for reconsideration.  Because he withdrew his motion and agreed that

5

discovery should be closed, Perry cannot now complain about what he agreed to. See Commonwealth v. Simmonds, 386 Mass. 234, 241-242 (1982). On appeal, Perry asserts that the judge took his statement out of context -- he meant that discovery should have been closed long ago were it not for U.S. Bank's continuing failure to produce documentation showing a seamless assignment of the mortgage. Even if Perry has not waived this argument, we do not discern any material matter that requires further discovery.

We disagree with Perry's fundamental premise that summary judgment was improper because material issues of fact exist as to the recorded assignment from the FDIC to JP Morgan Chase. In his appeal, Perry mainly focuses on the propriety of the signature (lacking a consistent notary jurat) on the 2015 assignment that was called into question by a panel of this court in the prior appeal. Under Federal law, however, the FDIC acquired its assets by operation of law when Washington Mutual Bank failed in 2008. As receiver, the FDIC has the authority under 12 U.S.C. § 1821(d)(2)(G)(i)(II) to transfer or merge the assets and liabilities of a failed financial institution "without any approval, assignment, or consent with respect to such transfer." Id. Here, when Washington Mutual Bank failed and the FDIC became the receiver, the FDIC was not required to record an assignment of Perry's mortgage to JP Morgan Chase.

6

Thus, any error in the notary jurat on that recorded assignment was immaterial and of no legal effect.  We agree with the judge of the Housing Court that, since the FDIC did not need to separately assign each note it acquired when Washington Mutual Bank became insolvent, the assignment in 2015 was only confirmatory in nature and does not affect the chain of title.

Perry offers no persuasive support for his position that the transfer did not occur by operation of law.  Instead, he argues that U.S. Bank's "new" theory regarding the chain of title should be precluded because the bank did not advance it in its original motion for summary judgment despite possessing all the relevant documents.  When this court remanded the case to the Housing Court, it merely held that the prior allowance of summary judgment was inappropriate based on the two issues described above.  The remand therefore placed the case into the same posture it had before summary judgment was allowed. Accordingly, it was entirely appropriate for the judge of the Housing Court to hear U.S. Bank's second motion for summary judgment.  U.S. Bank was not limited to arguing what it had filed in its original motion, and the judge was not constrained to only consider the initial argument advanced by U.S. Bank.

Ultimately, the Housing Court judge's allowance of summary judgment was appropriate.  In a summary process matter, legal title is established "by proof that the title was acquired

7

strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge" (quotation omitted). Gold Star Homes, LLC v. Darbouze, 89 Mass. App. Ct. 374, 379 (2016). Here, Perry has failed to establish the existence of a genuinely disputed issue of material fact regarding the propriety of the transfer of the title to the property. See Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 642 (2012) ("If a defendant fails to show the existence of a genuine issue of material fact in response to a motion for summary judgment by contesting factually a prima facie case of compliance with G. L. c. 244, § 14, such failure generally should result in judgment for the plaintiff").[5]

In conclusion, we agree with the judge of the Housing Court that the 2015 assignment was confirmatory in nature and does not affect the chain of title because the transfer occurred by operation of law. Therefore, we are satisfied that no defect

_____

[5] To the extent that Perry argues that the judge of the Housing Court and counsel for U.S. Bank committed ethical violations, his argument does not rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). To the extent we have not specifically addressed any of Perry's remaining arguments, they have not been overlooked; we find nothing in them that requires discussion. Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

exists in the chain of title to warrant the reversal of summary judgment.

Judgment affirmed.

By the Court (Blake, Walsh & Hodgens, JJ.[6]),

Clerk

Entered:  October 31, 2024.

---

[6] The panelists are listed in order of seniority.