NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1440

WELLS FARGO BANK, N.A., trustee,[1]

vs.

MARY EARLE & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, Mary Earle and Joseph M. O'Hare, appeal from a Housing Court judge's grant of summary judgment for the plaintiff, Wells Fargo Bank, N.A., in this summary process action.  On appeal, the defendants assert, inter alia, that because the Housing Court lacked subject matter jurisdiction over actions affecting title to registered land, the judge had no authority to decide this matter.  We affirm.

---

[1] For the benefit of Certificateholders of Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2005-HE6.

[2] Joseph M. O'Hare.

Background.  We summarize the facts in the summary judgment record in the light most favorable to the defendants, the nonmoving parties.  In April of 2005, the defendants executed and delivered a mortgage to Option One Mortgage Corporation (Option One), secured by property located in Sandwich (property).  The mortgage was registered in the Barnstable County registry district of the Land Court and recorded in the Barnstable County registry of deeds.

In June of 2007, Option One assigned the mortgage to the plaintiff in trust for the benefit of Certificateholders of Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2005-HE6, and the assignment was also registered in the Land Court and recorded in the registry of deeds.

Thereafter, the defendants defaulted on the mortgage.  In February of 2021, an officer of the PHH Mortgage Corporation (PHH), as loan servicer for the plaintiff, executed affidavits of compliance with G. L. c. 244, § 35B, concerning good faith efforts to avoid foreclosure; and with G. L. c. 244, § 35C, concerning authorization to act on behalf of the note holder.[3]

---

[3] As an authorized agent of the loan servicer PHH, the officer was a proper party to submit the affidavits of compliance with §§ 35B and 35C, both of which include mortgage servicer, its agents, and its employees in the definition of creditor.  See G. L. c. 24, § 35B (a), fifth par.; § 35C (a), third par.

2

On three dates in 2022, the plaintiff published a notice of a foreclosure sale, and at the public auction the property was sold to the plaintiff. The foreclosure deed was then registered and noted in the Land Court, and a new certificate of title was issued and then recorded in the registry of deeds.

On September 11, 2023, the plaintiff served the defendants with a notice to quit. Also in September of 2023, the plaintiff served the defendants with a summary process summons and complaint for possession of the premises, and on January 26, 2024, the plaintiff moved for summary judgment. Earle, who had submitted a written answer to the plaintiff's complaint, appeared at the motion hearing and also submitted exhibits in opposition to the motion. O'Hare did not appear at the hearing on the plaintiff's motion for summary judgment and was defaulted.

On May 9, 2024, a Housing Court judge granted summary judgment in favor of the plaintiff. The defendants appeal.[4]

Discussion. 1. Summary judgment standard. On appeal, Earle contends that the judge, in allowing the plaintiff's

---

[4] O'Hare filed a motion to remove the default judgment, which was denied. Because O'Hare may not appeal from the summary process judgment, see Rule 12 of the Uniform Summary Process Rules (2004); Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 856 (2019), and makes no argument that his motion to remove the default was erroneously denied, we affirm the judgment as to him.

motion for summary judgment, applied "an incorrect standard" to her as the nonmoving party under Mass. R. Civ. P. 56, 365 Mass. 824 (1974).  We review the judge's grant of summary judgment de novo.  See Galenski v. Erving, 471 Mass. 305, 307-308 (2015).  While we view the evidence in the light most favorable to the opposing party, "the opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment."  LaLonde v. Eissner, 405 Mass. 207, 209 (1989), citing Community Nat'l Bank v. Dawes, 369 Mass. 550, 554 (1976).

In a postforeclosure summary process case, a plaintiff "may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G. L. c. 244, § 15."  Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012) (Hendricks).  Moreover, where, as here, the mortgage contained a power of sale, "[l]egal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge."  Bank of N.Y. v. Bailey, 460 Mass. 327, 333 (2011) (Bailey), quoting Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775 (1966).

Earle correctly states that, as the nonmoving party, she was not "required" to introduce any materials in opposition to

4

the plaintiff's motion.  See Reporter's Notes to Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002) ("[a nonmovant] may decline to introduce his [or her] own materials and may instead fight the motion on entirely legal [as opposed to factual] grounds").  However, where, as here, the plaintiff made a prima facie case of its right to possession, the burden shifted to Earle to factually contest the plaintiff's compliance with G. L. c. 244, § 14.  "If a plaintiff makes a prima facie case, it is then incumbent on a defendant to counter with his [or her] own affidavit or acceptable alternative demonstrating at least the existence of a genuine issue of material fact to avoid summary judgment. . . ."  Hendricks, 463 Mass. at 642. "If a defendant fails to show the existence of a genuine issue of material fact . . . by contesting factually a prima facie case of compliance with G. L. c. 244, § 14, such failure generally should result in judgment for the plaintiff." Hendricks, supra.

Here, the plaintiff properly presented a prima facie case of its right to possession by providing an attested copy of its recorded and registered foreclosure deed and the statutory affidavit of sale.  See Hendricks, 463 Mass. at 637. Additionally, the plaintiff submitted a detailed affidavit of continuing note holder status and strict compliance with the mortgage terms.  See Pinti v. Emigrant Mtge. Co., 472 Mass. 226,

5

240 (2015) (foreclosing party must strictly comply with mortgage's power of sale provisions). Thus, the burden shifted to Earle to show a genuine issue of material fact regarding the plaintiff's right to possession. See Hendricks, supra at 642. Although Earle submitted an answer with exhibits in response to the plaintiff's prima facie case, the judge stated, and we agree, that the "allegations in her affirmative defenses [were] conclusory and unsupported by any admissible evidence." The judge then properly concluded that "there [were] no genuine issues of material fact in dispute on the issue of possession of the premises," and thus, "the plaintiff [was] entitled to the entry of summary judgment in its favor as a matter of law." Based on our independent review of the summary judgment record, we agree that the plaintiff was entitled to summary judgment.

2. Subject matter jurisdiction. Earle contends that the Housing Court lacked subject matter jurisdiction to "opine on issues of 'title' in defense to a summary process complaint regarding [r]egistered [l]and," and that the judge should have dismissed the plaintiff's complaint sua sponte on that basis. Earle primarily relies on G. L. c. 185, § 1 (a 1/2), which grants the Land Court "exclusive original jurisdiction" over "[c]omplaints affecting title to registered land" (emphasis added), and Bailey, and argues that because the judge "necessarily had to make [a] finding that [the p]laintiff

6

possessed superior <u>title</u>" in granting the motion for summary judgment, the Housing Court lacked jurisdiction.

However, the Supreme Judicial Court stated in <u>Bailey</u>, 460 Mass. at 333, "There is nothing in th[e] jurisdictional scheme that supports a conclusion that the Legislature intended to give the Housing Court concurrent jurisdiction over summary process actions, yet preclude its consideration of the long-recognized validity of title defense to summary process."  While Earle recognizes that <u>Bailey</u> "definitively held . . . that a defendant in a summary process matter may raise issue(s) of superior title in defense of an eviction action," she nonetheless argues that the court "was remiss in its failure to discuss the obvious remaining issue of how this finding would affect future cases involving title to Registered Land."  However, nothing in <u>Bailey</u> suggests that the Housing Court would not have subject matter jurisdiction over a summary process action involving registered land even if a defendant challenges the plaintiff's standing by claiming a defective foreclosure.  Instead, <u>Bailey</u> suggests that a defendant would be entitled to raise the question of the plaintiff's standing by challenging the propriety of the sale or the plaintiff's legal title to the foreclosed property.  See <u>Bailey</u>, <u>supra</u>.  We note that the Land Court does not have jurisdiction over summary process actions.  See Commentary to Rule 1 of the Uniform Summary Process Rules (1980) ("Four

7

Departments of the Massachusetts Trial Court have jurisdiction over summary process actions [Superior Court, District Court, Boston Municipal Court, and Housing Court]").  Earle has not provided contrary authority.

3.  Good faith and reasonable diligence.  Next, Earle asserts that, in foreclosing on the property, the plaintiff failed to protect her interests.  See U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 647 n.16 (2011), citing Williams v. Resolution GGF OY, 417 Mass. 377, 382-383 (1994) (recognizing mortgage holder's responsibility to "act in good faith and . . . use reasonable diligence to protect the interests of the mortgagor" is "more exacting" where holder becomes buyer at foreclosure sale).  Earle alleges on appeal that upon the defendants' default in 2007, they were "wrongfully[,] forcibly removed" from the property, and then, upon learning of the eviction's invalidity in 2012, the defendants returned to the property to find it abandoned and neglected.  Despite these allegations, Earle produced no evidence in the record to establish these events; we are thus unable to assess this aspect of Earle's appeal.  See Mass. R. A. P. 18 (a) (1) (A), as appearing in 481 Mass. 1637 (2019).  To the extent that Earle contends that a prior invalid attempt to foreclose on the property precluded the plaintiff from foreclosing at a later date, she has failed to provide any legal support for her

8

position.  Thus, we conclude that Earle failed to raise a genuine issue of material fact related to the plaintiff's good faith or reasonable diligence.

4.  Constitutional challenges.  Lastly, Earle raises arguments aimed at challenging the constitutionality of the statutory scheme underlying this summary process action.  First, she argues that G. L. c. 239 and G. L. c. 185C, § 3, as applied, create an unconstitutional disparity between "the same class of property owners" based on whether the owner challenges the validity of the foreclosing party's title in the Housing Court -- where an appeal is conditioned on posting an appeal bond[5] -- or in the Superior Court, where a party is entitled to an appeal as of right.  We discern no such disparity; General Laws c. 239, §§ 5 and 6, condition an appeal from a judgment of either the Superior Court or the Housing Court for possession of land after foreclosure on the appellant's posting of a bond.

Even if that were not the case, however, we would not reach the question.  This is because as a general matter, "[w]e do not decide constitutional questions unless they must necessarily be reached" (citation omitted), Dinkins v. Massachusetts Parole Bd., 486 Mass. 605, 616 (2021), and "constitutional question[s] should be addressed as applied to the facts in the instant case,

_____

[5] See Rule 12 of the Uniform Summary Process Rules.

9

and not as an abstract question of law." Frechette v. D'Andrea, 494 Mass. 167, 178 (2024).[6] Here, the judge waived the appeal bond, finding that Earle was indigent and had raised a nonfrivolous defense on appeal. Earle was, therefore, on equal footing with the "class of property owners" in the Superior Court, and we need not address her constitutional claim.

Second, Earle asserts that the plaintiff's reliance on a G. L. c. 244, § 35C, affidavit to satisfy its burden to show that it "physically possessed the borrower's note" at the time of notice of sale, in compliance with G. L. c. 244, § 14, was unconstitutional, as it violated her procedural due process rights. We are not persuaded. Earle had the opportunity to place facts in dispute concerning the note at the time of the foreclosure, see Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824, 830-831 (2016), but did not. Thus, where the plaintiff submitted a recorded and registered affidavit, executed by an authorized agent, that states that the plaintiff was "the holder of the promissory note secured by the above mortgage," its showing was sufficient. See Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 584-586 (2012) (foreclosing mortgagee not

---

[6] To the extent Earle also argues that these statutes are facially unconstitutional, that argument is similarly without merit.

required to "have physical possession of the mortgage note in order to effect a valid foreclosure").

Judgment affirmed.

By the Court (Massing, Hand & Allen, JJ.[7]),

Clerk

Entered: April 28, 2026.

---

[7] The panelists are listed in order of seniority.